IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gage Weatherford, | ) | Case No. 4:24-cv-04635-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| 3M Company Inc.; Daikin America Inc.; DuPont de Nemours Inc.; EI Dupont De Nemours & Company; Mitsubishi International Polymertrade Corporation; The Chemours Company; The Chemours Company FC LLC, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court following a Text Order to Show Cause why the Court should not remand the action to state court. [Doc. 92.] Having reviewed the parties' filings and the applicable case law, the Court concludes it does not have subject matter jurisdiction over this action and, therefore, the case is remanded to the Darlington County Court of Common Pleas.

## BACKGROUND

Plaintiff filed this case in the Darlington County Court of Common Pleas on August 9, 2024, alleging claims arising out of injuries from ingesting perfluorooctanoic acid and perfulorooctanesulfonic acid (collectively, "PFAS") through his well water. [Doc. 1-1.] The Complaint alleges that the PFAS were manufactured and distributed by Defendants and utilized at the Galey and Lord Plant in Society Hill, South Carolina, resulting in the PFAS being released into the soil and water. [*Id.*] He seeks general and special damages, punitive damages, and costs. [*Id.* at 49–50.]

Defendant 3M Company ("3M") removed the case to this Court on August 23, 2024, on the basis of diversity jurisdiction.  [Doc. 1.]  In support of removal, 3M noted that Plaintiff alleges "he sustained continuing sickness as well as pain and suffering, and invasive medical treatment and will likely . . . have significant health impacts, pain and suffering, and invasive medical treatment for the remainder of his life."  [*Id.* at 6 (internal quotation marks omitted).]  3M also noted that Plaintiff seeks compensation for ongoing illness and future medical costs as well as punitive damages and alleges he will continue to suffer loss of income and other "great financial loss."  [*Id.* (internal quotation marks omitted).]

On April 13, 2026, the Court issued a Text Order to Show Cause why the Court should not remand this action to state court based on lack of subject matter jurisdiction because the amount in controversy did not appear to exceed the jurisdictional threshold.[*]  [Doc. 92.]  On April 17, 2026, 3M filed a response to the Text Order to Show Cause and attached Plaintiff's Stipulation to Recovery Not to Exceed Jurisdictional Minimum (the "Stipulation").  [Docs. 94; 94-1.]

## **APPLICABLE LAW**

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time

---

[*] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction."  *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

2

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* "[C]ourts within the District of South Carolina have leaned toward requiring [removing defendants] to show either to a legal certainty or at least to within a reasonable probability that the amount-in-controversy has been satisfied." *Murray v. Progressive N. Ins.*, No. 2:21-cv-03148-DCN, 2022 WL 42813, at *2 (D.S.C. Jan. 5, 2022) (internal quotation marks omitted).

## DISCUSSION

In this case, 3M alleged that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). It is undisputed here that there is complete diversity among the parties. The only dispute concerns whether the amount in controversy has been satisfied. The Court concludes that it has not.

"Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of

removal." *Stanley v. Auto-Owners, Ins.*, 423 F. Supp. 3d 225, 228 (D.S.C. 2019). "In most cases, the sum claimed by the plaintiff controls . . . ." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotation marks omitted). However, when the plaintiff does not specify any amount, courts in this district "have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." *Carter v. Bridgestone Ams., Inc.*, No. 2:13-cv-00287-PMD, 2013 WL 3946233, at *1–2 (D.S.C. July 13, 2013) (internal quotation marks omitted); *see Stanley*, 423 F. Supp. 3d at 229 (collecting cases).

Here, Plaintiff's Complaint does not specify the amount of damages sought. [*See generally* Doc. 1-1.] Accordingly, the Court must determine whether the Stipulation permissibly clarifies an ambiguous Complaint. *See SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022). And the Court concludes that it does. The Stipulation provides that Plaintiff "stipulates that he does not seek to recover and will not accept a verdict or judgment in excess of $75,000, exclusive of interests and costs, for all relief sought in this action, no matter the court." [Doc. 94-1.] Accordingly, the Court accepts Plaintiff's stipulation as clarification that the amount in controversy does not exceed $75,000. The Court therefore does not possess subject matter jurisdiction over the claims here and remands the case to state court.

## <u>CONCLUSION</u>

Wherefore, based upon the foregoing, this action is REMANDED to the Darlington County Court of Common Pleas.

4

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

April 21, 2026
Florence, South Carolina

5